| | |
|---|---|
| L.L., individually and on behalf of E.R., a minor, ) ) ) Plaintiffs, ) ) vs. ) ) ) MEDCOST BENEFIT SERVICES, ) MOUNTAIN AREA HEALTH ) EDUCATION CENTER MEDICAL ) AND DENTAL CARE PLAN, ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' "Motion to Proceed Anonymously and Add E.R. as a Plaintiff." [Doc. 39].

## I.   PROCEDURAL HISTORY

The Plaintiffs, L.L., individually and on behalf of her minor child, E.R., (collectively, "Plaintiffs") filed a Complaint on July 26, 2021, in the District of Utah against Defendants Medcost Benefit Services ("Medcost") and Mountain Area Health Education Center ("MAHEC") Medical and Dental Care Plan ("the Plan") (collectively, "Defendants"). [Doc. 2]. The Complaint sets forth two causes of action pursuant to the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.: the first for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and the second seeking equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for a violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1185a. [Id. at ¶¶ 46-73].

On October 5, 2021, the parties stipulated to a change of venue to the Western District of North Carolina [Doc. 10], and the case was transferred on October 6, 2021 [Doc. 12]. On November 1, 2021, Medcost filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 20]. On January 21, 2022, L.L. filed a motion for leave to file an amended complaint [Doc. 26], and the Court granted that motion on January 25, 2022 [Doc. 27]. On February 8, 2022, L.L. filed an Amended Complaint, asserting the same causes of action as the original Complaint. [Doc. 28] On March 1, 2022, Medcost filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6).[1] On January 23, 2023, the Court entered an order granting in part and denying in part that motion. [Doc. 37]. The Court denied Defendant Medcost's Motion to Dismiss as to the Plaintiffs' first cause of action asserted pursuant to 29 U.S.C. § 1132(a)(1)(B) and granted the

---

[1] The Plan did not join the Motion to Dismiss and has filed an Answer to the Amended Complaint. [Doc. 29].

motion as to the second cause of action asserted pursuant to 29 U.S.C. § 1132(a)(3). [Id.]. The Court also ordered the Plaintiffs to show cause as to why they should be allowed to proceed anonymously and, as E.R. had reached the age of majority, to either substitute her as a plaintiff or to show cause as to why she could not prosecute her own action. [Id.].

On February 6, 2023, the Plaintiffs filed the present motion asking to be allowed to proceed anonymously and requesting that E.R. be added as a plaintiff. [Doc. 39]. On February 21, 2023, Medcost filed a Response in Opposition to the Plaintiffs' motion, arguing that the Plaintiffs should not be allowed to proceed anonymously and arguing that, because it agreed E.R. should be added as a plaintiff, L.L. should be dismissed from the action. [Doc. 40]. Also on February 21, 2023, the Plan filed a notice of intent not to file a response to the Plaintiff's motion. [Doc. 41]. On February 28, 2023, the Plaintiffs filed a Reply to Medcost's Response in Opposition. [Doc. 42]. Thus, the matter has been fully briefed and is ripe for disposition.

## II.  FACTUAL BACKGROUND

The MAHEC Plan is a self-funded employee welfare benefits plan under ERISA. [Doc 28 at ¶ 7]. Medcost is an insurance company that serves as the third-party claims administrator for the MAHEC Plan. [Id. at ¶¶ 2-3]. As third-party claims administrator, Medcost has discretionary authority and

3

responsibility to administer claims and to determine eligibility for benefits. [Id. at ¶¶ 3-4]. L.L. and her daughter, E.R., are covered by the Plan. [Id. at ¶ 7]. At all times relevant to the present case, L.L. was a participant in the Plan and E.R. was a beneficiary of the Plan. [Id.]. The two continue to be a participant and beneficiary of the Plan, respectively. [Id.].

In August 2018, E.R. was treated at a residential treatment facility for mental health issues. [Id. at ¶¶ 18-20]. L.L. sought to have the cost of E.R.'s treatment at this facility covered by the Plan, but Medcost denied payment, citing a plan exclusion. [Id. at ¶¶ 21-23]. L.L. exhausted the denial appeals process with Medcost and subsequently filed this action for recovery of benefits and equitable relief pursuant to ERISA. [Id. at ¶ 49].

### III. DISCUSSION

The Plaintiffs argue that they both should be allowed to proceed anonymously, referred to solely by their initials, in the present action. [Doc. 39]. They also argue that, while E.R. should be added as a named plaintiff because she has reached the age of majority, L.L. should remain a plaintiff as well. [Id.]. While Medcost agrees that E.R. should be added as a plaintiff, it argues that L.L. should be dismissed for lack of standing and that E.R. should not be allowed to proceed anonymously. [Doc. 40].

4

## A. Proceeding Anonymously

Rule 10 of the Federal Rules of Civil Procedure requires that a civil complaint set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a). The Fourth Circuit has recognized that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014). In weighing whether to permit a party to proceed pseudonymously, the court considers multiple factors including: (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation"; (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party"; and, (5) "the risk of unfairness to the opposing party." Id. (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's

5

Case 1:21-cv-00265-MR   Document 47   Filed 07/05/23   Page 5 of 11

interest in openness and any prejudice that anonymity would pose to the opposing party." Id. at 274. The Court notes that ERISA claims routinely involve information regarding issues of health, mental health, and treatment thereof.  As such, these claims generally include at least some information that is rather personal.  This, however, does not convert ERISA litigation into private proceedings where claimants can come to a public court under a general cloak of anonymity.

Here, the Plaintiffs argue that the first James factor weighs in favor of allowing the parties to proceed anonymously because the details of this case involve sensitive information about E.R.'s severe mental health challenges. [Doc. 39-1 at 5]. While it is true that the treatment for which the Plaintiffs seek coverage was mental health treatment, and while the Plaintiffs' Complaint provided a detailed recounting of E.R.'s struggles with mental health, the underlying facts of this lawsuit are not extraordinarily sensitive. At its core, the allegation at issue in this action is that Medcost denied benefits for treatment the Plaintiffs allege was covered by the Plan. This core allegation is not "sensitive and highly personal": it is a common assertion in any § 1132(a)(1)(B) action.

Courts routinely deny requests to proceed anonymously when a plaintiff's purported reason for the request is to protect information about her

6

mental health. See, e.g., Doe v. Lees-McRae College, 2:20-cv-00105-MR, 2021 WL 2673050 (W.D.N.C. June 29, 2021) (denying the plaintiff's request to proceed anonymously when the request was based on the plaintiff's ADHD and anxiety disorder); Doe v. UNUM Life Ins. Co. of Am., 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (collecting cases). While the Plaintiffs argue that E.R.'s mental health challenges are more severe than those of plaintiffs who have not been allowed to proceed anonymously, requiring that they identify themselves by name does not require that they reveal anything more than the general fact that E.R. struggles with her mental health. To the extent more detailed information about E.R.'s mental health and the severity of her struggles must be considered during these proceedings, that personal information can be redacted and records detailing sensitive information can be filed under seal if appropriate.[2]

---

[2] The Plaintiffs argue that, because this District's Local Rules require that litigants seeking to file under seal must show that there are "no alternatives to filing under seal," that this Court should allow them to proceed anonymously as an alternative to filing documents with sensitive information under seal. [Doc. 42 at 8]. However, while proceeding anonymously may allow some documents that would otherwise be filed under seal to appear on the public docket, even the Plaintiffs acknowledge it will not completely eliminate the need for sealing of documents in this case, namely the underlying administrative record. [Id. at 6 n.24]. Accordingly, the fact that *some* documents that would otherwise be filed under seal may be filed publicly if the Plaintiffs are allowed to proceed anonymously is not a significant consideration in the present case when sealing will be necessary regardless.

As for the second <u>James</u> factor, as acknowledged by the Plaintiffs, there is no real danger of retaliation should the Plaintiffs not be allowed to proceed anonymously. [Doc. 39-1 at 5]. Accordingly, the second favor weighs against allowing the Plaintiffs to proceed anonymously.

The Plaintiffs argue that the third <u>James</u> factor weighs in favor of proceeding anonymously. [Doc. 39-1 at 5-6]. Rule 5.2 of the Federal Rules of Civil Procedure requires that minors are referred to solely by their initials in court filings. Fed. R. Civ. P. 5.2(a)(3). E.R., however, has reached the age of majority and Rule 5.2 does not require reference by her initials only. L.L., of course, was an adult when the case was filed.

While the Plaintiffs do not dispute that E.R. is no longer required to proceed anonymously, they argue that the "spirit" of Rule 5.2 indicates that both she and L.L. should still be allowed to proceed anonymously. [Doc. 39-1 at 6]. In support of this argument, the Plaintiffs point out the fact that, in North Carolina "juvenile records—including juveniles' names—are not available to the public." [Doc. 42 at 4 (citing N.C. Gen. Stat. § 7B-3000)]. Declining to allow L.L. and E.R. to proceed anonymously would not, however, reveal juvenile records to the public. As detailed above, sensitive information regarding a then-minor's struggles with mental health will likely be allowed to be filed under seal. Accordingly, requiring L.L. and E.R. to use

8

their full names in prosecuting this action reveals nothing more than the fact that two adults are seeking benefits they allege are covered by their health insurance plan.

Neither party addresses the fourth James factor, and the Court concludes that the fact that the defendants here are private companies does not weigh significantly in favor or against allowing the Plaintiffs to proceed anonymously. As for the final James factor, the Plaintiffs argue that the Defendants "suffer no prejudice from the use of initials in the publicly filed documents, as they control and maintain the entire claim file and have full knowledge and information about who both plaintiffs are." [Doc. 39-1 at 6]. As for this factor, the Court concludes that because the Defendants know the Plaintiffs' identities, there would be no prejudice to the Defendants by allowing the Plaintiffs to proceed anonymously and this factor weighs in favor of allowing the Plaintiffs to proceed anonymously.

The Fourth Circuit also requires that, after analyzing the James factors, the Court balance the parties' interest in anonymity against the public's interest in openness. Here, the public has a strong interest in openness of these proceedings. To the extent these proceedings involve particularized private, sensitive information, redactions and filing under seal can limit access where needed without concealing the identity of the litigants from the

9

public altogether. Accordingly, the Court concludes that "extraordinary circumstances" do not support allowing the Plaintiffs to proceed anonymously in this action. The Plaintiffs are to file an Amended Complaint that includes their full names.

B. **Substitution of Parties**

E.R. has reached the age of majority and the parties do not dispute that she should therefore be added as a plaintiff in this action.[3] [Doc. 39-1 at 7; Doc. 40 at 10]. However, the parties dispute whether L.L. should remain a plaintiff. Medcost argues that because E.R. "can protect her own interests" and was the person to whom the benefits were allegedly denied that L.L. has suffered no injury and lacks standing. [Doc. 40 at 11]. However, as the Plaintiffs point out, L.L. alleges that she paid for E.R.'s treatment, an expense she would not have incurred had she been paid the benefits she alleges E.R. was owed. [Doc. 28 at ¶ 50]. Moreover, during E.R.'s minority L.L. as her parent had the legal obligation to provide necessary care. As such, if the Plaintiffs are successful in this litigation, it is L.L. who would recover the benefits that were denied during such period. Accordingly, L.L. has alleged

---

[3] Although the Plaintiffs agree that E.R. should be added as a plaintiff, they confusingly argue she does not have her own right of action as a plan beneficiary. [Doc. 39-1 at 7]. ERISA, however, specifically provides that a beneficiary can bring a claim to enforce her rights under the statute. 29 U.S.C. § 1132(a)(1) ("A civil action may be brought by a participant or beneficiary.").

10

she suffered an injury as a result of the alleged denial of benefits and has standing to remain as a plaintiff in this action.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Proceed Anonymously and Add E.R. as a Plaintiff [Doc. 39] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to the Plaintiffs' request that E.R. be added as a plaintiff and **DENIED** as to their request to proceed anonymously.

**IT IS FURTHER ORDERED** that, within 14 days of the entry of this Order, the Plaintiffs shall file an Amended Complaint that contains their full names.

**IT IS SO ORDERED.**

Signed: July 5, 2023

Martin Reidinger
Chief United States District Judge