IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00265-MR

| | |
|---|---|
| L.L., individually and on behalf of E.R., a minor, ) ) ) ) Plaintiffs, ) ) vs. ) ) ) MEDCOST BENEFIT SERVICES, ) MOUNTAIN AREA HEALTH ) EDUCATION CENTER MEDICAL ) AND DENTAL CARE PLAN, ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Reconsideration [Doc. 43].

**I.    PROCEDURAL HISTORY**

The Plaintiffs, L.L., individually and on behalf of her minor child, E.R., (collectively, "Plaintiffs") filed a Complaint on July 26, 2021, in the District of Utah against Defendants Medcost Benefit Services ("Medcost") and Mountain Area Health Education Center ("MAHEC") Medical and Dental Care Plan ("the Plan") (collectively, "Defendants"). [Doc. 2]. The Complaint sets forth two causes of action pursuant to the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.: the first for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and the second seeking equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for a violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1185a. [Id. at ¶¶ 46-73].

On October 5, 2021, the parties stipulated to a change of venue to the Western District of North Carolina [Doc. 10], and the case was transferred on October 6, 2021 [Doc. 12]. On November 1, 2021, Medcost filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 20]. On January 21, 2022, L.L. filed a motion for leave to file an amended complaint [Doc. 26], and the Court granted that motion on January 25, 2022 [Doc. 27]. On February 8, 2022, L.L. filed an Amended Complaint, asserting the same causes of action as the original Complaint. [Doc. 28]. On March 1, 2022, Medcost filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6).[1] On January 23, 2023, the Court entered an order granting in part and denying in part that motion. [Doc. 37]. The Court denied Medcost's Motion to Dismiss as to the Plaintiffs' first cause of action asserted pursuant to 29 U.S.C. § 1132(a)(1)(B) and granted the motion as to the

---

[1] The Plan did not join the Motion to Dismiss and has filed an Answer to the Amended Complaint. [Doc. 29].

second cause of action asserted pursuant to 29 U.S.C. § 1132(a)(3). [Id.]. The Court concluded that the Plaintiffs' second cause of action was duplicative of their first because the relief sought by the Plaintiffs was available under § 1132(a)(1)(B). [Id. at 14-15].

On March 21, 2023, the Plaintiffs filed a Motion for Reconsideration of the Court's order dismissing their second cause of action. [Doc. 43]. On April 7, 2023, Medcost filed a Memorandum in Opposition to the Plaintiffs' Motion. [Doc. 45]. On April 14, 2023, the Plaintiffs' filed a Reply to Medcost's Memorandum in Opposition. [Doc. 46]. Thus, this matter has been fully briefed and is now ripe for review.

## II. STANDARD OF REVIEW

Where a district court issues an interlocutory order "'that adjudicates fewer than all of the claims,' the court retains discretion to revise such order 'at any time before the entry of a judgment adjudicating all the claims.'" Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Courts "treat[] interlocutory rulings as law of the case" and can therefore "revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (second alteration in

3

original) (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

## III. FACTUAL BACKGROUND[2]

The MAHEC Plan is a self-funded employee welfare benefits plan under ERISA. [Doc 28 at ¶ 7]. Medcost is an insurance company that serves as the third-party claims administrator for the MAHEC Plan. [Id. at ¶¶ 2-3]. As third-party claims administrator, Medcost has discretionary authority and responsibility to administer claims and to determine eligibility for benefits. [Id. at ¶¶ 3-4]. L.L. and her daughter, E.R., are covered by the Plan. [Id. at ¶ 7]. At all times relevant to the present case, L.L. was a participant in the Plan and E.R. was a beneficiary of the Plan. [Id.]. The two continue to be a participant and beneficiary of the Plan, respectively. [Id.].

In August 2018, E.R. was treated at a residential treatment facility for mental health issues. [Id. at ¶¶ 18-20]. L.L. sought to have the cost of E.R.'s treatment at this facility covered by the Plan, but Medcost denied payment, citing a plan exclusion. [Id. at ¶¶ 21-23]. L.L. exhausted the denial appeals process with Medcost and subsequently filed this action for recovery of benefits and equitable relief pursuant to ERISA. [Id. at ¶ 49].

---

[2] As the Plaintiffs move for reconsideration of the Court's Order dismissing their second cause of action, these facts are drawn from the allegations as set out in the Amended Complaint, with all reasonable inferences drawn in the Plaintiffs' favor.

4

## IV. DISCUSSION

The Court dismissed the Plaintiffs' § 1132(a)(3) claim as duplicative of their § 1132(a)(1)(B) claim because the remedy they seek—payment of benefits due under the terms of the plan—is adequately afforded by § 1132(a)(1)(B) without need for further equitable relief. [Doc. 37 at 14]. The Court also noted that to the extent the Plaintiffs seek to clarify the scope of future coverage, that remedy is also explicitly available under § 1132(a)(1)(B). [Id.]. The Court therefore dismissed the § 1132(a)(3) claim, noting that dismissing duplicative claims for equitable relief at the motion-to-dismiss stage was in line with existing Fourth Circuit law and the practice of other district courts in this Circuit. [Id. at 15].

The Plaintiffs now argue that a recent Fourth Circuit case, Hayes v. Prudential Insurance Co. of America, 60 F.4th 848 (4th Cir. 2023), clarifies that a court should not dismiss a duplicative claim for equitable relief when ruling on a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 43-1 at 4]. In Hayes, the plaintiff sued after she was denied life insurance benefits after she missed a plan deadline. Hayes, 60 F.4th at 851. However, unlike L.L. and E.R., the plaintiff in Hayes argued not that she was owed benefits under the terms of the plan, but rather that the court should equitably toll a plan deadline that she had missed. The Fourth

5

Circuit held that § 1132(a)(1)(B) did not allow for this remedy as it confines relief to the terms of the plan as written. Id. at 852. The court also noted that it "need not decide whether plaintiff could have obtained relief under Subsection (a)(3) because plaintiff did not sue under that provision, never sought leave to amend her complaint to add such a claim, and continues to disclaim reliance on any such a theory before this Court." Id. at 855. The court then stated:

> We note, however, that plaintiff errs in asserting she could not have sought relief under Subsection (a)(3). True, a plaintiff who prevails in a claim for benefits under Subsection (a)(1)(B) may not also obtain other relief under Subsection (a)(3). But Federal Rule of Civil Procedure 8(a)(3) specifically permits pleading "in the alternative," so nothing would have prevented plaintiff from suing under both provisions.

Id. (citations omitted). The Plaintiffs argue that, in these three sentences, the Hayes court held that duplicative § 1132(a)(1)(B) and § 1132(a)(3) claims *must* be allowed to proceed at the motion to dismiss stage. [Doc. 43-1 at 4].

The Court previously dismissed the Plaintiffs' § 1132(a)(3) claim based on Korotynska v. Metropolitan Life Insurance Co., 474 F.3d 101 (4th Cir. 2006). In Korotynska, the Fourth Circuit held that when § 1132(a)(1)(B) affords a plaintiff "adequate relief" for her benefits claim a cause of action under § 1132(a)(3) is "not appropriate." Korotynska, 474 F.3d at 107.

6

The Plaintiffs do not argue that Hayes overruled Korotynska, nor could they.[3] Hayes favorably cites Korotynska to reiterate that a plaintiff who obtains relief under § 1132(a)(1)(B) cannot also recover under § 1132(a)(3). Hayes, 60 F.4th at 855. The question here concerns the nature of the Plaintiffs' MHPAEA claim. The Plaintiffs present this as a claim in equity, and thus pursue it under § 1132(a)(3). In so doing, the Plaintiffs rely on CIGNA Corp. v. Amara, 563 U.S. 421 (2011).[4] [Doc. 46 at 5]. In that case, however, the duplicative claim issue was not before the Court. There, the Court concluded that the relief the plaintiffs sought—reformation of their ERISA-governed plans (i.e., an equitable claim)—was not available under § 1132(a)(1)(B). Amara, 563 U.S. at 438. Accordingly, the Court remanded to determine whether reformation was available as equitable relief under § 1132(a)(3). Id. at 444-45. Unlike the Amara plaintiffs, however, the Plaintiffs

---

[3] A panel opinion, like that in Hayes, cannot overrule the decision of a prior panel. McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004).

[4] Such argument appears to be inconsistent with the Plaintiffs' position that Korotynska is still good law, as it would require concluding that Amara abrogated Korotynska, at least in part.

7

here have failed to identify *what* equitable relief they seek and whether such relief is unavailable under § 1132(a)(1)(B).[5]

The Plaintiffs correctly state that other courts have extrapolated Amara's holding to conclude that § 1132(a)(1)(B) and § 1132(a)(3) claims seeking the same remedy were not duplicative if the claims assert "different theories of liability." See, e.g., Jones v. Aetna Life Ins. Co, 856 F.3d 541 (8th Cir. 2017); Silva v. Met. Life Ins. Co., 762 F.3d 711 (8th Cir. 2014).[6] In Jones, the plaintiff argued (1) pursuant to § 1132(a)(1)(B) that she was due benefits under the terms of her plan; and (2) pursuant to § 1132(a)(3) that the plan administrator used a claims-handling process that breached its fiduciary duty, by, for example, using claims examiners with conflicts of interest. Jones, 856 F.3d at 547. Accordingly, the Jones court reasoned, although the

---

[5] The Plaintiffs state that "the Court can fashion appropriate equitable relief that is not duplicative of the denied benefit claim," [Doc. 46 at 6], apparently leaving it to the Court's imagination to "fashion" a relief that would render their § 1132(a)(3) claim nonduplicative.

[6] The Plaintiffs also cite the Ninth Circuit case of Moyle v. Liberty Mutual Retirement Benefit Plan, 823 F.3d 948 (9th Cir. 2016), as supporting their argument that Amara allows for duplicative claims to proceed. However, the plaintiffs in Moyle sought relief pursuant to their § 1132(a)(3) claim that was entirely distinct from the relief sought pursuant to § 1132(a)(1)(B). They argued pursuant to § 1132(a)(1)(B) that they were denied benefits due *under the terms of their plans*, and they argued pursuant to § 1132(a)(3) that, in the alternative, the plan administrator's breach of fiduciary duty entitled them to *reformation* of the plans. Moyle, 823 F.3d at 960. Accordingly, as in Amara, because reformation is unavailable under § 1132(a)(1)(B), the plaintiffs could proceed on both § 1132(a)(1)(B) and § 1132(a)(3) claims. Moyle does, however, favorably cite Silva for the proposition that Amara allows for duplicative claims as long as the claims assert different theories of liability. Id. at 961. Thus, although it was not directly on point to the issue before the court in Moyle, it seems the Ninth Circuit cited with approval the Eighth Circuit's interpretation of Amara.

8

Case 1:21-cv-00265-MR   Document 48   Filed 07/05/23   Page 8 of 11

alleged breach of fiduciary duty led to benefits being denied, the plaintiff's § 1132(a)(3) claim was not duplicative because the alleged liability under § 1132(a)(3) "flows from the process, not the denial of benefits itself." Jones, 856 F.3d at 547.

The Plaintiffs here argue (1) that they were denied benefits due under the terms of the plan; and (2) that the internal policies Medcost used to evaluate claims for mental health treatment discriminatorily distinguished between mental health treatment and other types of treatment in violation of the MHPAEA. [Doc. 2 at ¶¶ 65-66]. In other words, the harm they allege under § 1132(a)(3) flows from the claims-handling process, which they allege violated the MHPAEA, not the denial of benefits itself. The problem with the Plaintiffs' argument is that it focuses on the argument itself, rather than whether it is an equitable theory of recovery under § 1132(a)(3) or a claim at law on the Plan under § 1132(a)(1)(B). In making their argument, the Plaintiffs rely on Christine S. v. Blue Cross Blue Shield of New Mexico, 428 F. Supp. 3d 1209 (D. Utah 2019), wherein the court held that a MHPAEA claim constituted a distinct theory of liability under the Jones framework. Christine S., 428 F. Supp. 3d at 1229. However, that case differs from the present case because it was unclear in Christine S. whether the terms of the plan at issue were MHPAEA compliant. Id. at 1233. Accordingly, the Utah

9

district court concluded that the statutory entitlement to an MHPAEA-compliant plan was enforceable, if at all, through § 1132(a)(3) and could not be adequately addressed through a § 1132(a)(1)(B) claim. Id. at 1229. Here, however, the Plaintiffs allege that an MHPAEA-compliant process would have resulted in an award of benefits. [Doc. 28 at ¶ 80]. Accordingly, to the extent the plan administrator violated the MHPAEA, such violations can be raised and adequately addressed through the Plaintiffs' § 1132(a)(1)(B) claim. That is a claim based on enforcement of the statute (i.e., a claim at law) pursuant to § 1132(a)(1)(B), not an equitable claim pursuant to § 1132(a)(3) as the plaintiff had in Christine S.

The Plaintiffs' reliance on an interpretation of Amara that focuses on the difference in the arguments rather than in the nature of the relief sought would be at odds with how almost every district court in this circuit[7] has

---

[7] The Plaintiffs refer to the Court's citation of "two district court decisions," seemingly in attempt to camouflage how ubiquitous the interpretation of Korotynska's application to duplicative claims at the motion to dismiss stage is in this Circuit. [Doc. 43-1 at 2]. The Court's citation of those cases *exempli gratia*, or for example, was not meant to indicate that those cases are the *only* authority on which the court relies for the proposition but rather to provide two examples of what is routine in this Circuit. Nearly every district court in this Circuit has adopted the position that Korotynska requires the disposal of duplicative claims even at the motion to dismiss stage. See Greenwell v. Grp. Health Plan for Emps. of Sensus USA, Inc., 505 F. Supp. 3d 594 (E.D.N.C. 2020); Koman v. Reliance Standard Life Ins. Co., 1:22-cv-595, 2022 WL 17607056 (M.D.N.C. Dec. 13, 2022); Wright v. Hartford Life & Acc. Ins. Co., No. 5:14-cv-00126-RLV-DSC 2015 WL 4488656 (W.D.N.C. July 23, 2015); Berdeau v. Schaeffler Grp. USA, Inc., No. 4:17-cv-02744-RBH, 2018 WL 11475378 (D.S.C. May 23, 2018); Batten v. Aetna Life Ins. Co., No. 3:15-cv-513, 2016 WL 4435681 (E.D. Va. Aug. 17, 2016); Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. Of Bethesda, LLC, No. DKC 14-2376, 2015 WL 4394408 (D. Md. July 15, 2015).

interpreted Korotynska.  The Court concludes that Hayes's dicta did not have this effect, and, therefore, Korotynska still controls.

Accordingly, the controlling law in this Circuit still requires that this Court decide whether § 1132(a) claims are duplicative by determining whether the claims seek the same relief, not whether they assert different concepts or theories.  At no point do the Plaintiffs argue that the *terms of the plan* fail to afford adequate mental health benefits. [See id.; Doc. 35 at 13 (making clear that the Plaintiffs bring an as-applied challenge)].  The Plaintiffs bring this action asserting that the Plan provides the questioned coverage whether by its express terms of by the application of MHPAEA.  That is a single claim at law under § 1132(a)(1)(B).  The MHPAEA claim asserted by the Plaintiffs is not an equitable claim for reformation as found in Christine S.  The relief the Plaintiffs seek would not require reformation of the plan or any other conceivable equitable remedy because, they maintain, the benefits they were denied were due under the plan's terms as written.  Thus, no relief sought by the Plaintiffs is unavailable under § 1132(a)(1)(B) and their second cause of action is impermissibly duplicative.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Reconsideration [Doc. 43] is **DENIED**.

**IT IS SO ORDERED**.

Signed: July 5, 2023

Martin Reidinger
Chief United States District Judge