IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00265-MR

| | |
|---|---|
| LISA LAVALLEE and ERICA RAY, ) ) ) Plaintiffs, ) ) vs. ) ) MEDCOST BENEFITS SERVICES ) and MOUNTAIN AREA HEALTH ) EDUCATION CENTER MEDICAL ) AND DENTAL CARE PLAN, ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant MedCost Benefits Services' Motion to Dismiss for Failure to State a Claim or for Lack of Jurisdiction [Doc. 60].

## I. PROCEDURAL BACKGROUND

The Plaintiffs, Lisa LaVallee, individually and on behalf of her minor child, Erica Ray (collectively, "Plaintiffs"), filed a Complaint on July 26, 2021, in the District of Utah against Defendants MedCost Benefits Services ("MedCost") and Mountain Area Health Education Center ("MAHEC") Medical and Dental Care Plan ("the Plan") (collectively, "Defendants"). [Doc. 2]. The Complaint sets forth two causes of action pursuant to the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.: the first for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and the second seeking equitable relief pursuant to 29 U.S.C. § 1132(a)(3) for a violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1185a. [Id. at ¶¶ 46-73]. On October 5, 2021, the parties stipulated to a change of venue to the Western District of North Carolina [Doc. 10], and the case was transferred on October 6, 2021 [Doc. 12].

On March 1, 2022, MedCost filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6). On January 23, 2023, the Court entered an order granting in part and denying in part that motion. [Doc. 37]. The Court denied MedCost's Motion to Dismiss as to the Plaintiffs' first cause of action asserted pursuant to 29 U.S.C. § 1132(a)(1)(B) and granted the motion as to the second cause of action asserted pursuant to 29 U.S.C. § 1132(a)(3). [Id.]. On July 5, 2023, the Court denied the Plaintiffs' Motion for Reconsideration. [Doc. 48].

On July 31, 2023, the Plaintiffs filed a Second Amended Complaint. [Doc. 49]. On August 23, 2023, the Plaintiffs filed a Third Amended Complaint alleging only a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). [Doc. 55].

On November 1, 2023, the Defendant MedCost filed the present Motion to Dismiss for Failure to State a Claim or for Lack of Jurisdiction on the basis that the Plaintiff lacks standing to bring a claim against MedCost because MedCost is no longer the claims administrator for the Plan. [Doc. 60]. The Defendant attached to their Motion the Declaration of Jessica Jackson, an Account Manager at MedCost. [Doc. 62]. On November 17, 2023, the Plaintiffs filed a Memorandum in Opposition to the Defendant's Motion. [Doc. 68]. On November 30, 2023, the Defendant filed a Reply Brief in Supports of Its Motion. [Doc. 71].

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Because standing is an element of subject matter jurisdiction, a motion to dismiss for lack of standing is properly analyzed under Federal Rule of Civil Procedure 12(b)(1). See Pitt County v. Hotels.com, L.P., 553 F.3d 308, 311 (4th Cir. 2009). The Plaintiff bears the burden of proving that subject matter jurisdiction exists. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009). The Court should grant a motion to dismiss for lack of subject matter jurisdiction only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d

765, 768 (4th Cir. 1991). In making this determination, the Court should "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

## III. FACTUAL BACKGROUND

Viewing the evidence in the light most favorable to the Plaintiffs, the following is a recitation of the relevant facts.

The MAHEC Plan is a self-funded employee welfare benefits plan under ERISA. [Doc 55: Third Amended Compl. at ¶ 7]. MedCost is an insurance company that serves as the third-party claims administrator for the MAHEC Plan. [Id. at ¶¶ 2-3]. As third-party claims administrator, MedCost has discretionary authority and responsibility to administer claims and to determine eligibility for benefits. [Id. at ¶¶ 3-4]. LaVallee and her daughter, Ray, are covered by the Plan. [Id. at ¶ 7]. At all times relevant to the present case, LaVallee was a participant in the Plan and Ray was a beneficiary of the Plan. [Id.]. The two continue to be a participant and beneficiary of the Plan, respectively. [Id.].

In August 2018, Ray was treated at a residential treatment facility for mental health issues. [Id. at ¶¶ 8, 19-20]. LaVallee sought to have the cost of Ray's treatment at this facility covered by the Plan, but MedCost denied

payment, citing a plan exclusion. [Id. at ¶ 23]. LaVallee exhausted the denial appeals process with MedCost and subsequently filed this action for recovery of benefits and equitable relief pursuant to ERISA. [Id. at ¶ 24, 36, 47].

On September 21, 2021, after the Plaintiffs filed this action, MAHEC notified MedCost that it was terminating the Administrative Services Agreement ("ASA"), the contract that had established MedCost as MAHEC's third-party claims administrator. [Doc. 62: Jackson Decl. at ¶ 9]. MedCost ceased operating as the Plan administrator on December 31, 2021, but provided run-out services for the Plan until June 30, 2022. [Id. at ¶¶ 10-11]. After that point, MedCost no longer had any involvement with the Plan, and presently has no discretion or control over the Plan's funds from which to pay any claims. [Id. ¶¶ 11-13].

## IV. DISCUSSION

Under the ERISA enforcement scheme, "[a]ny money judgment . . . against an employee benefit plan shall be enforceable only against the plan as an entity." 29 U.S.C. § 1132(d)(2). Therefore, the only proper defendant in an ERISA action for benefits is the party in control of the administration of the plan. Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988); see also Hall v. Lhaco, Inc., 140 F.3d 1190, 1196 (8th Cir. 1998) (finding that the

plaintiff's claim for benefits against former plan administrator was not redressable, and, therefore, the plaintiff lacked standing to bring that claim).

> In ERISA actions, only the Plan and the current plan administrator can pay out benefits. As a result, a plaintiff bringing a denial of benefits claim lacks standing to sue former plan administrators and other individuals who exercise no control or discretion over the payout of plan benefits because these entities cannot provide redress of the plaintiff's claims.

Wood v. Gen. Dynamics Corp., 157 F. Supp. 3d 428, 432 (M.D.N.C. 2016) (citations omitted).

The Plaintiffs argue that, even though MedCost is no longer the claims administrator, it still owed fiduciary duties to the Plaintiffs and exercised discretionary authority. The Plaintiffs cite a prior decision of this Court, Abbott v. Duke Energy Health & Welfare Benefit Plan, in support of their argument. 2007 WL 2300797 (W.D.N.C. Aug. 7, 2007). The Plaintiffs' reliance on Abbott, however, is misplaced. Abbott dealt only with the issue of determining which parties other than the plan itself can be named as defendants based on their discretion over the administration of benefits. Id. at *2. The claims administrator in Abbott did not argue that it no longer had discretion over administrator of the plan, rather, it argued that "it acted only as a claims administrator and that because a claims administrator is responsible only for the ministerial task of processing claims for benefits on

behalf of the Plan it is not a proper party to a claim for recovery of Plan benefits." Id. at *1 (alterations omitted).  The court denied the administrator's motion on the basis that "[d]etermining a defendant's level of discretion is a fact-specific inquiry not suited for a motion to dismiss." Id. at *3.  Here, MedCost's level of discretion in previously denying the Plaintiffs' claims is not in dispute.  MedCost instead argues that it no longer has control over the administration of Plaintiffs' claims and any potential payment of benefits.

The Plaintiffs also argue under a Fourth Circuit case, McWilliams v. Metro Life Ins. Co., that this Court should impose on the parties the obligations of the ASA that was in effect at the time of the claims' denial.  172 F.3d 863 (4th Cir. 1999) (unpublished) ("An ERISA cause of action based on the denial of benefits accrues at the time benefits are denied, and the plan in effect when the decision to deny benefits is controlling.").  The Plaintiffs' reliance on this case is again misplaced.  MedCost does not argue that its ASA with MAHEC is not controlling over the Plaintiffs' denied claims; it only argues that it cannot provide Plaintiffs with relief under the Plan because that ASA is no longer operative.

In sum, because MedCost is no longer the claims administrator for the Plan, it has no control over the administration of benefits under the Plan.  Therefore, a claim against MedCost cannot provide redress of the Plaintiffs'

injuries, and the Plaintiffs lack standing to bring such a claim. As such, this Court does not have jurisdiction over the Plaintiffs' claim against MedCost, and the claim accordingly must be dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that the Defendant MedCost Benefits Services' Motion to Dismiss for Failure to State a Claim or for Lack of Jurisdiction [Doc. 60] is **GRANTED** and the Plaintiffs' claim against Defendant MedCost Benefits Services is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: December 6, 2023

Martin Reidinger
Chief United States District Judge